KEVIN RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVSBN 0722)
Chief, Criminal Division

ROBERT D. REES (CASBN 229441)
Assistant United States Attorney

ELAINE CHAO
Law Clerk

450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102
Telephone: (415) 436-7149
Fax: (415) 436-7234
Email: elaine.chao@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ELIAS DEJESUS MEDRANO,<br><br>  Defendant. | CR No.: 05-00294 MAG<br><br>STIPULATION AND<br><u>ORDER EXCLUDING TIME</u> |

On July 26, 2005, the parties in this case appeared before the Court for an initial appearance and identification of counsel. At that time, the parties stipulated that time should be excluded from the Speedy Trial Act calculations from July 26, 2005 to September 9, 2005 for continuity of counsel and for effective preparation of defense counsel. The parties represented that granting the continuance was the reasonable time necessary for continuity of defense counsel and effective preparation of defense counsel, taking into account the exercise of due diligence. <u>See</u> 18 U.S.C.

Stipulation and Order

§ 3161(h)(8)(B)(iv). The parties also agreed that the ends of justice served by granting such a continuance outweighed the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A).

SO STIPULATED:

KEVIN V. RYAN
United States Attorney

DATED: 7/26/05

ROBERT D. REES
Assistant United States Attorney

DATED: 7/26/05

JOSH COHEN
Attorney for Mr. Medrano

As the Court found on July 26, 2005, and for the reasons stated above, the Court finds that an exclusion of time between July 26, 2005 and September 9, 2005 is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. §3161 (h)(8)(A). The failure to grant the requested continuance would deny Mr. Medrano continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. See 18 U.S.C. §3161(h)(8)(B)(iv).

SO ORDERED.
DATED: 7/28/05

EDWARD M. CHEN
United States Magistrate Judge

Stipulation and Order